James S. Brown, Justice of the Supreme Court and Acting Surrogate.
The widow of testator served and filed a notice of election to take her intestate share of the estate against the will pursuant to section 18 of the Decedent Estate Law. One of testator’s coexecutors who drew the will instituted this proceeding to determine the validity and effect of such notice of election.
The will bequeaths to testator’s widow his household effects and similar property, and a legacy of $3,500. Small legacies are provided for three charities and the residuary estate is given to three named children in equal shares.
Paragraph “ Eighth ” of said will provided: “eighth: I intentionally make no provision for my beloved wife or for my children, other than herein provided, since I am maintaining life insurance policies on my life, the proceeds of which are payable to designated beneficiaries, among which my wife and children are included. In the event however that during my lifetime I shall have borrowed money against any of my life insurance policies payable to any designated beneficiaries. I direct that prior to the payment of any legacies hereinbefore provided, my Executors pay the insurance company or companies the balance then remaining on the loan made on such policy or policies.”
The petition herein alleges and it is not denied that testator’s estate approximates $125,000.
*925 It also appears that testator was insured for about $118,000 of which the widow was beneficiary to the extent of $16,000, payable to her outright and $62,543 payable in installments over a period of 204 months, with any balance unpaid at the widow’s death payable to testator’s three children. Three policies of approximately $30,000 were payable to the testator’s three children, one of about $8,000 to the estate and one of $500 to testator’s grandchild.
The residuary legatees and the other coexecutors appeared by the attorney and an answer was filed by one of the residuary legatees alleging that the execution of testator’s will was procured by the fraud and undue influence of the petitioner and the widow. Such issues were disposed of by a prior decision of the court.
The parties have since submitted all other issues for determination by the court on the record. One is the contention of the respondents, other than the widow, that the proceeds of the $16,000 policy payable to her outright and also the $62,543 policy which is payable in installments during her lifetime must be considered in computing the widow’s intestate share and that such insurance proceeds plus her bequest under the will give her more than her intestate share. That contention must be overruled as proceeds of insurance policies payable to designated beneficiaries, have been determined not to be estate assets to be considered in computing the shares of a surviving spouse under section 18 of the Decedent Estate Law. (Matter of Weil, 73 N. Y. S. 2d 370 ; Matter of Lorch, 33 N. Y. S. 2d 157.) The statute, section 18 of the Decedent Estate Law, does not restrain nontestamentary gifts by a testator but refers only to testamentary powers. (Mitchell v. Mitchell, 265 App. Div. 27 ; Hart v. Hart, 194 Misc. 162, affd. 274 App. Div. 1036.) The provisions of paragraph “ Eighth ” of the will in no way effect the widow’s elective share nor increase the testamentary provisions for her benefit.
The widow, therefore, has a valid right of election and is entitled, exclusive of the insurance proceeds of which she is a designated beneficiary, to one third of the net estate inclusive of her legacy of $3,500, and the value of the specific gifts under paragraph “ Second ” of the will not set off to her as exempt property under section 200 of the Surrogate’s Court Act.